GEORGE HEIBERGER, Respondent, *v.* HELEN JOHNSON, Appellant.

*Contract to pay for "placing" a loan — the expense of searching the title is not covered by the word "placing" — expert testimony as to its meaning.*

In a contract, by which an owner of property agrees to pay a certain sum to a broker for "placing" a loan thereon, the word "placing" refers merely to the obtaining of the loan, and, if not otherwise qualified, imports nothing, one way or the other, as to the payment of the expense of searching the title to the property upon which the loan is to be made.

The use of the word "place" in reference to loans is too familiar to warrant or require the admission of expert testimony to explain its meaning.

APPEAL by the defendant, Helen Johnson, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 23d day of April, 1898, upon the verdict of a jury, and also from an order entered in said

clerk's·office on the 29th day of April, 1898, denying the defendant's motion for a new trial made upon the minutes.

*Theodore B. Gates,* for the appellant.

*William J. Courtney,* for the respondent.

WILLARD BARTLETT, J. :

The defendant signed and delivered a contract in the form of a letter agreeing to give the plaintiff, who was a real estate broker, $400 for " placing" a loan of $10,000 upon certain specified property.   According to her testimony, which was corroborated by that of her husband, the defendant asked her husband at the time when the letter was signed whether the $400 was to cover all the expenses of the loan, and her husband, in the presence of the plaintiff, who said nothing, answered that it was.   The plaintiff denied that any such conversation or acquiescence on his part ever took place.   The jury believed him, and as the proof was clear that he had obtained the desired loan for the defendant, they gave him a verdict for $300, the defendant having already paid $100 of his·claim.

The principal contention in behalf of the appellant in this court is that to " place" a loan means not only to procure the specified amount upon the security of the particular real estate offered, but also to pay the expense of searching the title to satisfy the lender that it is good.   In support of this view, the defendant called as a witness on the trial a person employed in the loan department of a real estate broker's office in Brooklyn, and inquired of him what was meant by the phrase, " I will give you $400 for placing the loan of $10,000."   The trial judge sustained the plaintiff's objection to this question and the defendant excepted.

The exception is not well taken.   To place a loan means merely to obtain it, and the phrase, if not otherwise qualified, imports nothing one way or the other as to the payment of the expenses of searching the title to the property upon which the loan is to be made.   The defendant evidently realized this when offering her evidence that it was qualified in this case by the plaintiff's tacit assent to her husband's statement that the $400 was to cover all the expenses ; but, as already intimated, the jury could not have believed that any such assent was given.   The use of the word " place" in

reference to loans is too familiar to warrant or require the admission of expert testimony to explain its meaning. In the Century Dictionary we find the verb, in this usage, defined thus : " *Place.* 6. To arrange or make provision for ; as to *place* a loan ;" while the Standard Dictionary gives this definition : " *Place.* 3. To dispose or arrange as an investment ; put out at interest ; take insurance for ; invest ; as, to *place* a loan ; to *place* a risk."

The learned trial court was as liberal toward the defendant as the rules of evidence required in allowing her to testify to what was said at the time she signed the written contract, and no error was committed in refusing to go further and permit her to show how some other real estate dealer would have understood what she wrote.

The case upon all the evidence presented a question of fact for the jury which they have decided against the defendant, and with this result we find nothing in the record which justifies our interference.

All concurred.

Judgment and order affirmed, with costs.